# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| TONY LEE SMITH, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 1:19-cv-01499-ACA-JHE |
| LEON BOLLING, Warden, | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

*Pro se* petitioner Tony Lee Smith filed this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his April 30, 2018 parole revocation. (Doc. 1). On May 26, 2020, the magistrate judge entered a report and recommendation, recommending that the court dismiss the petition. (Doc. 22). Mr. Smith filed timely objections to the report and recommendation (doc. 27) and a motion to include or expand the record (doc. 28).

The court **GRANTS** the motion to expand the record (doc. 28) and has considered the additional document attached to the motion, to the extent that it is relevant to Mr. Smith's objections.

Mr. Smith's objections track the claims in his habeas petition. Specifically, he addresses: (1) the timeliness of his parole revocation hearing; (2) the inability to call his witnesses at the revocation hearing; and (3) whether false information was used at the revocation hearing. (Doc. 27). The court addresses each objection in

turn below.

## I. The Timeliness of the Parole Revocation Hearing

Mr. Smith's first objection concerns the magistrate judge's finding that Mr. Smith's challenge regarding the timing of his parole revocation hearing does not entitle him to habeas relief. (Doc. 27 at 1–8).

A petitioner seeking habeas relief must show that he is in custody pursuant to a judgment of a state court "in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). To satisfy this standard, the petitioner must demonstrate that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court holdings," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2). To be an unreasonable application of Supreme Court case law, the ruling must be "'objectively unreasonable, not merely wrong; even clear error will not suffice.'" *Virginia v. LeBlanc*, 137 S.Ct. 1726, 1728 (2017) (quoting *Woods v. Donald*, 575 U.S. 312, 317 (2015)).

Relevant to parole revocation, the Supreme Court has held that due process requires "an information hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Morrissey v.*

*Brewer*, 408 U.S. 471, 484 (1972) (internal citations omitted). A hearing "must be tendered within a reasonable time after the parolee is taken into custody," and "[a] lapse of two months . . . would not appear to be unreasonable." *Id*. at 487-88.

Here, Mr. Smith asserts that his April 30, 2018 revocation hearing, which took place five weeks after his March 26, 2018 arrest, violated his due process rights. (Doc. 1 at 16). State court records reflect that on March 26, 2018, while on parole, Mr. Smith was arrested on a variety of new charges.[1] That same date, the Alabama Board of Pardons and Paroles issued an arrest warrant for Mr. Smith for violating conditions of his parole. (*Id.* at 19).

Mr. Smith claims that his due process rights were violated because his parole revocation hearing took place outside the twenty-day limitation period contained in Alabama Code § 15-22-32. (Doc. 27 at 1). That section states:

> Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the Board of Pardons and Paroles, at its next meeting, may declare the prisoner to be delinquent, and time owed shall date from the delinquency. The Department of Corrections, after receiving notice from the sheriff of the county jail where the state prisoner is being held, shall promptly notify the board of the return of

---

[1] The pending charges against Mr. Smith include *Alabama v. Tony Lee Smith*, 11-DC-2018-001435.00 (possession of a short barreled rifle or shotgun); 11-DC-2018-001436.00 (altering identification of a shotgun); 11-DC-2018-001437.00 (first degree kidnapping); 11-DC-2018-001440.00 (second degree possession of marijuana); and 11-DC-2018-001441.00 (possession of drug paraphernalia). Although all of these charges were bound over to the grand jury, an indictment against Mr. Smith has issued only on second degree kidnapping and domestic violence charges. *See Alabama v. Tony Lee Smith*, 11-CC-2018-0001870.00. The other charges remain pending before the grand jury. The court takes judicial notice of the criminal state court proceedings involving Mr. Smith. *See Paez v. Sec'y, Fla. Dept. of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020).

> a paroled prisoner charged with violation of his or her parole. Thereupon, the board, a single member of the board, a parole revocation hearing officer, or a designated parole officer shall hold a parole court at the prison or at another place as it may determine within 20 business days and consider the case of the parole violator, who shall be given an opportunity to appear personally or by counsel and produce witnesses and explain the charges made against him or her …. If a hearing is not held within the specified 20 business days, the parolee shall be released back to parole supervision.

Ala. Code § 15-22-32(a). Mr. Smith asserts that, based on § 15-22-32(a), Alabama has determined "20 business days" to be a reasonable time, and that this time began to run on March 26, 2018, the date of his arrest. (Doc. 27 at 4–5).

But as the magistrate judge's report and recommendation explains, the Alabama Court of Criminal Appeals disagreed with Mr. Smith. (Doc. 22 at 7). In a decision addressing Ms. Smith's appeal of the circuit court's dismissal of his petition of a writ of certiorari seeking review of his parole revocation, the Alabama Court of Criminal Appeals held:

> [ . . . ] Smith argues that the start date in this case is March 26, 2018, the date he was arrested for new offenses. But Smith does not provide any authority to support his contention. The record shows that Smith received notice of the parole-revocation hearing on April 11, that he was declared delinquent on April 24, and that the parole-revocation hearing was held on April 30. Contrary to Smith's argument and according to the language of § 15-22-32(a), Smith's parole-revocation hearing was "valid."

*Smith v. Alabama Board of Pardons and Paroles*, CR-18-0192 at 4 (Ala. Crim. App.

May 17, 2019) (internal citations omitted).[2]

In his objections, Mr. Smith argues "[i]t is obvious that the trigger date was 26 March 2018 when the sheriff, the Department of Corrections, and the parole board were all '*promptly notified*.'" (Doc. 27 at 4) (emphasis in original). Even if Mr. Smith is correct, he provides no authority for his claim that exceeding the twenty business day limitation prohibits any subsequent parole revocation. Rather, as Respondent notes, had Mr. Smith objected to his detention solely on the parole revocation arrest, and had no other charges been causing his detention, at best Mr. Smith would have been released from custody back on parole.[3] (Doc. 14 at 7). That scenario has no bearing on whether the parole board could still revoke Mr. Smith's parole based on a violation of parole conditions. (*Id.*).

Moreover, interpretation of § 15-22-32(a)'s "trigger date" is a matter of state law. In considering Mr. Smith's claims, the Alabama Court of Criminal Appeals found that April 11, 2018—the date Mr. Smith "received notice of the parole-

---

[2] The memorandum opinion of the Alabama Court of Criminal Appeals is not in the record in this case, but it is part of the record in Smith's state court challenge to his parole revocation which is available on Alacourt. *See Smith v. Alabama Board of Pardons and Paroles*, Case No. 03-CV-2018-000488.00 at Doc. 29. The court takes judicial notice of that memorandum opinion. *See Paez*, 947 F.3d at 652.

[3] The arrest warrant states that Smith, while on parole "has in the judgment of the undersigned probation and parole officer violated the conditions of his parole . . . You are hereby given this written authority to take the said Smith Tony Lee into your custody and hold him until the arrival of the warrant from the Department of Corrections, but not more than twenty days." (Doc. 1 at 19).

5

revocation hearing"—as the relevant date for considering timeliness under Alabama Code § 15-22-32(a). *Smith v. Alabama Board of Pardons and Paroles*, CR-18-0192 at 4 (Ala. Crim. App. May 17, 2019).[4] That determination, which controls whether Mr. Smith was actually held beyond the twenty-day period he says is reasonable under § 15-22-32(a), is a state court's interpretation of a question of state law. And such a question does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Tejada v. Dugger*, 941 F.2d 1551 (11th Cir. 1991) (questions of state law and procedure "rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'").

Mr. Smith argues that "the Alabama Court of Criminal Appeals interpretation is unreasonable" (doc. 27 at 5), but he provides no binding authority for his assertion, and he fails to demonstrate that the appellate court's interpretation of Alabama Code § 15-22-32 is contrary to, or an unreasonable application of, clearly established Supreme Court holdings. At best, Mr. Smith demonstrates that the Alabama Court

---

[4] *See* Doc. 14-2 at 7 (April 11, 2018, Notice of Parole Court Hearing, stating "[a] report of parole violation has been prepared dated 4/10/2018 . . . .").

of Criminal Appeals misinterpreted state law, which is not a cognizable claim in a habeas petition.

Moreover, as explained above, the Supreme Court requires only that a revocation hearing be held within a "reasonable time." *Morrissey*, 408 U.S. at 484. Even with delayed hearings, to merit habeas relief, a petitioner must demonstrate prejudice caused by that delay. *See e.g., United States v. Taylor*, 931 F.2d 842, 848 (11th Cir. 1991) (a delay of more than a year did not establish a basis for habeas relief because the petitioner "suffered no harm by the one year delay . . . ."); *United States v. Barfield,* 396 F.3d 1144, 1149 (11th Cir. 2005) (for a probation revocation "it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest.  Rather, the . . . state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with fundamental principles of liberty and justice to require a legal sentence to be served in the aftermath of such action or inaction . . . .").

Assuming Mr. Smith could establish that the lack of a revocation hearing within twenty business days of his arrest constituted a *per se* violation of his due process rights, he has failed to show prejudice from that delay.  Because of the new criminal charges, Mr. Smith cannot demonstrate that, but for the allegedly untimely revocation proceedings, he would have been released from detention.  Without such

7

a showing, Mr. Smith is not entitled to habeas relief.

Accordingly, the court **OVERRULES** Mr. Smith's first objection.

## II.     Deprivation of Witnesses

Mr. Smith objects to the magistrate judge's finding that the deprivation of witnesses at his parole hearing does not entitle him to habeas relief. (Doc. 27 at 8). The magistrate judge recognized that the deprivation of witnesses violated Mr. Smith's due process rights. (Doc. 22 at 9). However, the magistrate judge also correctly explained that to be entitled to relief, Mr. Smith must also demonstrate prejudice from such a violation. (*Id.*) (citing *Davis v. Ayala*, 135 S.Ct. 2187, 2197–98 (2015)).

In his objections, Mr. Smith summarizes what he believes would have been the testimony of one witness, Miranda Humphrey. Setting aside that a summary of anticipated testimony is hearsay, Mr. Smith failed to include any of this information in his petition, consistent with his burden "to establish his right to habeas relief and . . . [to] prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008). But even if Mr. Smith had included this material in his petition and could establish Ms. Humphrey's presumed testimony through an affidavit or other sworn declaration, he still would not be entitled to habeas relief.

Mr. Smith asserts that Ms. Humphrey would have testified that Mr. Smith was

8

an overnight guest in the house where he was arrested; that the police illegally entered the home; and that the police falsely claimed Mr. Smith was actively on parole for assaulting a police officer. (Doc. 27 at 9). However, nothing in those statements demonstrates how Mr. Smith suffered prejudice from the lack of Ms. Humphrey's testimony.

The hearing officer found that Mr. Smith was located in a bedroom where officers found methamphetamine, marijuana, and a short barreled shotgun with an obliterated serial number. (Doc. 14-2 at 19). The suggested testimony from Ms. Humphrey has no bearing on whether Mr. Smith stayed in the bedroom where the items were located, which alone constituted a violation of the terms of his parole. *See Taylor*, 931 F.2d at 848 (probation revocation hearing does not require "proof beyond a reasonable doubt that the defendant committed the alleged acts. All that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.") (internal quotations omitted); *Gholston v. Jones*, 848 F.2d 1156, 1160 (11th Cir. 1988) (fact that criminal charges underlying parole revocation are ultimately dismissed does not invalidate revocation proceedings based on such charges).

Because Mr. Smith has failed to demonstrate any prejudice from the denial of his requested witnesses, the court **OVERRULES** Mr. Smith's second objection.

### III.  Parole Court's Use of False Information

Mr. Smith objects to the magistrate judge's finding that he failed to show that any false information was "knowingly" used in his parole revocation proceedings. (Doc. 27 at 10).  In evaluating this issue in his report and recommendation, the magistrate judge explained that the Board of Pardons and Paroles incorrectly referred to Ms. Smith's past crime as "as either a violent Class A offense or a sex crime."  (Doc. 22 at 11).  The magistrate judge then explained that Respondent argued this error was harmless because according to Respondent, Mr. Smith's parole was "'revoked because he committed five new offenses.'"  (Doc. 22 at 11) (quoting Doc. 14 at 10).   Mr. Smith challenges the magistrate judge's finding that he "committed" five new offenses.  (Doc. 27 at 11).  But it is clear from the magistrate judge's report that the magistrate judge did not make such a finding.  Rather, he summarized and quoted from Respondent's brief in explaining Respondent's argument.

Mr. Smith correctly asserts he has not been convicted of any new charges. (Doc. 27 at 11).  And the magistrate judge's report acknowledges as much.  The magistrate judge also noted that Mr. Smith's claim that he was presumed innocent of the new offenses is not relevant to whether his parole was properly revoked, and the magistrate judge correctly found that Mr. Smith could be acquitted of all new charges yet still properly be subject to a parole revocation.  (Doc. 22 at 11 n.7)

(quoting *Morrissey*, 408 U.S. at 484).

Finally, Mr. Smith argues the parole revocation was filed in case CC-05-922, which the Eleventh Circuit Court of Appeals previously vacated. (Doc. 27 at 12–13). The magistrate judge acknowledged that error, but he found the error harmless. (Doc. 22 at 11). In addition, the magistrate judge explained that Mr. Smith had failed to show prejudice from this error. (*Id.*). In his objections, Mr. Smith again fails to demonstrate any prejudice from this error. Rather, he challenges the validity of the other underlying convictions, and he asserts that during his April 30, 2018 parole hearing he "was being held naked in a barred cell sleeping on concrete after being severely beaten by gang members." (Doc. 27 at 13). These facts form the basis of Smith's civil rights claims in *Smith v. Odom*, Case No. 2:18-cv-01375-CLM-JHE (N.D. Ala.), and they do not entitle Mr. Smith to habeas relief based on the parole revocation. Moreover, the court need not consider objections concerning arguments that Mr. Smith did not raise "in the first instance to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009).

Accordingly, the court **OVERRULES** Mr. Smith's third objection.

## IV.   Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Mr. Smith's objections, the court **ADOPTS** the magistrate judge's report and

**ACCEPTS** his recommendation.  The court **OVERRULES** Mr. Smith's objections and **DISMISSES** the petition for a writ of habeas corpus **WITH PREJUDICE**.

In addition, the court **DENIES** a certificate of appealability because the petition does not present issues that are debatable among jurists of reason.  28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this July 28, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE